1  TAMARA SOLOMAN, SBN 183841
2  ATTORNEY AT LAW
   P.O. Box 5482
3  El Dorado Hills, California 95762
4  Telephone:   (916) 712-8962
   E-Mail:      solomanlaw1@gmail.com
5
6  Attorney for Defendant
   TREVOR LICHNOCK-GEMBE

## IN THE UNITED STATES OF DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No: 2:16-cr-00147 |
| v. | **STIPULATION TO WAIVER OF IN PERSON APPEARANCE BY DEFENDANT** |
| TREVOR LICHNOCK-GEMBE, | |
| Defendant. | |

### STIPULATION

Defendant, TREVOR LICHNOCK-GEMBE, by and through its counsel of record, hereby stipulates as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and

Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

    4.    These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

    5.    On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

    6.    On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

    7.    On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The admit or deny hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: June 30, 2020                    /s/ Tamara Soloman

　　　　　　　　　　　　　　　　　　Tamara Soloman
　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　TREVOR LICHNOCK-GEMBE

**ORDER**

1.  The Court adopts the findings above.

2.  Further, the Court specifically finds that:

    a)  The admit or deny hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b)  The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3.  Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the disposition hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated:  July 2, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE